MONTGOMERY, District Judge,
concurring in part and dissenting in part.
I concur that Faidley’s 2013 discrimination claim fails as a matter of law, but I respectfully disagree that Faidley has raised a genuine issue of material fact on the “qualified” element of his 2012 disability discrimination claim.
The majority concludes that there is a fact question as to whether Faidley was able to perform the essential job functions of the feeder driver position. To reach its conclusion, the majority cites the 2012 accommodation worksheet where Human Resources Manager Vince Blood noted that Faidley “preliminarily appeared] capable of performing the essential job functions” of that position. However, it is undisputed that an essential function of the feeder driver position was the ability to work 9.5 hours per day. It is also undisputed that at the time the checklist was completed in July 2012, Faidley’s physician had permanently restricted him from working over eight hours per day. This was solely a time-based restriction; Faidley was not medically restricted by his physician from performing strenuous activities. Thus, the essential functions of the feeder driver position exceeded Faidley’s medical limitations. Based on this undisputed evidence, Faidley was not qualified as a matter of law to perform the essential functions of the feeder driver position for the same reason that he was not qualified as a matter of law to perform the essential functions of the delivery driver position: “That job required the ability to work more than eight hours per day, and the record is clear that Faidley was limited to working not more than eight hours per day.” Ante, at 450. Vince Blood’s notation on the accommodation worksheet that Faidley “preliminarily appeared] capable of performing the essential job functions” does not create a fact question on this issue.
In completing the accommodation worksheet, Blood was exploring positions that exceeded Faidley’s express medical restriction. This was more than required by the ADA because “[t]he ADA does not require an employer to permit an employee to perform a job function that the employee’s physician has forbidden.” Alexander v. Northland Inn, 321 F.3d 723, 727 (8th Cir. 2003). Allowing Faidley’s claim to proceed based upon Blood’s willingness to consider positions that were beyond Faid-ley’s physician’s restriction effectively punishes Blood for attempting to do more for Faidley than demanded by the ADA. Other circuits have cautioned against such a result. See Sieberns v. Wal-Mart Stores, Inc., 125 F.3d 1019, 1023 (7th Cir. 1997) (“Employers should not be discouraged from doing more than the ADA requires.”); Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1257 n.3 (11th Cir. 2001) (“Good deeds ought not be punished, and an employer who goes beyond the demands of the law to help a disabled employee incurs no legal obligation to continue doing so.”).
For these reasons, the district court was correct to conclude as a matter of law that Faidley was unable to perform the essen *454 tial functions of the feeder driver position. Accordingly, I would affirm the judgment of the district court.